(88 South. 364)

## TENNESSEE RIVER NAV. CO. v. WOODWARD.    (8 Div. 750.)

(Court of Appeals of Alabama.   Nov. 16, 1920. Rehearing Denied Dec. 14, 1920.)

1. **Damages** ⚘135—**Difference in purchasing power of money between time when expended and time of trial properly considered.**

In a personal injury action, the jury in determining the amount expended by the plaintiff for doctor's bills and medicines may consider the difference between the purchasing power of a dollar at the time plaintiff expended it and its purchasing power at the time of the trial.

2. **Trial** ⚘252(10)—**Refusal of abstract instruction held proper.**

In a passenger's action for personal injuries, where there was no evidence tending to prove plaintiff aggravated his injury, or that he could have done anything to have minimized his injuries, requested instructions that it was plaintiff's duty to use due diligence to reduce the damages, that he could not recover damages for injury which by use of due care he might have avoided, or for any suffering caused by his own negligence, *held* properly refused as abstract.

3. **Trial** ⚘260(1)—**Refusal of requested instructions covered by other instructions proper.**

Refusal of requested instructions covered by other written charges and the court's general charge *held* proper.

4. **Shipping** ⚘166(4)—**Testimony that passengers generally had been warned, no evidence of warning to particular passenger.**

In action for personal injuries sustained by the falling of a piece of timber on a passenger, testimony that the people generally on the boat had been warned not to go to that portion of boat where accident occurred *held* inadmissible, since the warning to the passengers generally constituted no warning to plaintiff.

5. **Appeal and error** ⚘502(5)—**Record held to show motion for new trial to have been acted on within required time.**

Record, showing the judgment rendered November 10, 1919, and judgment refusing new trial rendered November 28, 1919, *held* sufficient to show that motion for new trial was passed on within 30 days from date of the judgment, notwithstanding bill of exceptions signed January 17, 1920, containing motion for a new trial, and reciting that the motion "came on for hearing during said term of court," and that the court overruled the motion, such recital not being conclusive that the motion was not acted on within 30 days, and not being inconsistent with the record showing judgment on motion to have been acted on within the required time.

6. **Appeal and error** ⚘1140(1)—**Court of appeals will reduce verdict that would otherwise be indicative of prejudice, passion, or partiality.**

Where the Court of Appeals is of the opinion, in a personal injury action, that a verdict in excess of a certain amount indicates prejudice, passion, or partiality on the part of the jury, it will reverse the judgment unless plaintiff will remit the amount of the judgment in excess of such amount within specified period after rendition of opinion.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by M. E. Woodward against the Tennessee River Navigation Company for damages for personal injuries, sustained by the falling of a piece of timber while plaintiff was a passenger therein. Judgment for plaintiff in the sum of $800, and the defendants appeal. Affirmed on remittitur.

The charges referred to as being those which the court refused to pass upon were as follows:

D. In determining the amount expended by the plaintiff for doctor's bills and medicines, you should not consider any difference, if any, between the purchasing power of a dollar at the time plaintiff expended it and at the present time.

C. It was the duty of the plaintiff to use due diligence to reduce the damages growing out of the negligence of the defendant, and he cannot recover any damages for his injury which by the use of due care he might have avoided.

E. You should not award any sum for any money expended by plaintiff for medicine and medical treatment, nor for any suffering and pain which was brought on by the negligence of the plaintiff, unmixed with any negligence on the part of the defendant and in no way caused by it.

The following charges were refused the defendant:

(1) The carrier of passengers is not an insurer of their safety, and liability does not arise from the mere happening of an accident.

(4) If you are reasonably satisfied from the evidence that the injuries to plaintiff complained of were caused by him and were the direct and proximate negligence of a third person, not in the employ of the defendant, and over which it had no control or authority, you should find for the defendant.

(13) If you find from the evidence that a carpenter, not an agent or employee of the defendant, removed the railing attached to the stairway, and thereby weakened its fastening and caused it to fall, then I charge you no presumption of negligence on the part of the defendant arises from the mere falling of the timber and the striking of plaintiff.

S. A. Lynne, of Decatur, for appellant.

The court was in error in not giving or refusing the charges requested.   64 South. 639; 108 Ala. 366, 18 South. 831.   It was not discretionary with the judge.   43 Ala. 310. The verdict was excessive.   9 App. Div. 621, 40 N. Y. Supp. 1117; 19 Barb. 466.   Charge 1 should have been given.   161 Ala. 489, 50 South. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772; 108 Va. 533, 62 S. E. 385, 19 L. R. A. (N. S.) 319, 128 Am. St. Rep. 971; 170 Ind.

204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1.

Callahan & Harris, of Decatur, for appellee.

The court was but following the rule, which was not in conflict with the statute. 134 Ala. 616, 33 South. 13, 59 L. R. A. 572; 15 C. J. 901; Acts 1915, p. 815; 38 Cyc. 1698. In any event the charges were patently bad. 186 Iowa, 378, 170 N. W. 461, 3 A. L. R. 610. The verdict was not excessive. 183 Ala. 138, 62 South. 684, Ann. Cas. 1915D, 483; 143 La. 269, 78 South. 555. Charge 4 was abstract. 115 N. C. 721, 20 S. E. 179, 25 L. R. A. 810, 44 Am. St. Rep. 494. Counsel discuss other matters, but without further citation.

MERRITT, J. After the giving of the court's oral charge, reading to the jury several written charges, and before the jury left the jury box for the purpose of considering the cause, but after the court had ordered the jury to retire and consider their verdict, the defendant requested the court in writing to give to the jury three additional written charges, which charges the court refused to pass upon, and refused to write either "Given" or "Refused" thereon. The court's action appears to have been based upon a rule of the court which reads as follows:

"(12) All charges requested by either party in a cause must be submitted to the judge presiding on the trial before the argument in the case has commenced, or the right to request such charges will be presumed to have been waived, and the judge will not consider or pass upon the same unless such charges so requested subsequent to the commencement of the argument are either explanatory in their nature or charges which the presiding judge thinks are properly requested by reason of some statement in the oral charge, or by reason of some charge given at the request of the adverse party."

The bill of exception recites that this rule was known to appellant's counsel at the time, of the request for the giving of the written charges.

[1, 2] Appellant insists that the trial court committed error in refusing to pass upon these written charges, but the correctness of these charges is nowhere in argument insisted upon. So, aside from the question as to the refusal of the court to pass upon such charges, it clearly appears that such action was not hurtful to appellant, for that written charge D does not correctly state the law, and charges C and E are abstract, there being no tendency of the evidence that plaintiff's negligence aggravated his injury, or that he could have done anything to have minimized his injuries.

[3] Charges 1, 4, and 13 were properly refused. Charge 1 was covered by other written charges and the court's general charge. Charges 4 and 13 are abstract and subject to other vices.

[4] The trial court was not in error in refusing to permit the witness James to testify that the people generally on the boat had been warned not to go around where the work was going on. This would not have constituted warning to the plaintiff.

The record shows that judgment was rendered against the defendant on November 10, 1919, for $800, in accordance with the verdict of the jury; that on November 21, 1919, the defendant filed a motion for a rehearing and new trial, assigning many grounds therefor; that on November 28, 1919, the court entered a judgment overruling the motion, to which defendant excepted.

[5] The bill of exceptions was signed on January 17, 1920, and incorporated therein is the motion for a new trial, the following appearing in reference to the disposition thereof:

"Said motion came on for hearing during said term of court, and upon consideration, etc., the court overruled said motion, to which action and ruling of the court the defendant then and there duly reserved an exception."

One of the most serious insistencies of appellant, and one of its grounds assigned for a new trial, is that the verdict was excessive. Appellee insists that all jurisdiction in the lower court to disturb this verdict passed out of it, because the bill of exceptions does not show that the motion was ever made or passed on within 30 days from the date of the judgment. We cannot agree with the contention to such a conclusion. True enough, it is, that there are now by law only two terms of the circuit court a year, each term lasting for five months or more, yet the recitation in the bill of exceptions is not conclusive that the motion in this case was not acted on within 30 days, and the judgment on the motion, as shown by the record, not being in conflict with the recitation in the bill of exceptions that it was acted upon in term time, is sufficient to show that the motion was acted upon within the time prescribed by law.

[6] Was then the verdict in this case excessive? There was no wanton count, the case being tried on simple negligence only. The entire court has carefully considered the evidence set out in the bill of exceptions, and is impressed with the idea that a verdict in any greater amount than $400 would be so excessive as to be indicative of prejudice, passion, or partiality on the part of the jury. Consequently, under the well-known rules of law pertaining to the reversal of judgment deemed to be excessive, it becomes our duty to order a reversal of the judgment of the trial court unless the appellee remit the amount of the judgment recovered there in excess of $400 (i. e., $400)

within 30 days from the date of the rendition of this opinion. It is so ordered, and the clerk will give the notice required by statute.

Remittitur of part of damages recovered ordered.

The appellee having filed in this cause a written release of the amount of the judgment in excess of $400, as was made a condition by the judgment of this court, the judgment of the trial court is therefore affirmed.